

## U.S. Department of Justice

United States Attorney
District of New Jersey

---

CRAIG CARPENITO
UNITED STATES ATTORNEY

Sarah A. Sulkowski
Assistant United States Attorney

970 Broad Street, Suite 700
Newark, NJ 07102
sarah.sulkowski@usdoj.gov

main: (973) 645-2700
direct: (973) 297-2086
fax: (973) 297-2010

May 7, 2019

**Via E-Mail**

Susan Cassell, Esq.
419 Lucille Court
Ridgewood, New Jersey 07440
cassell.susan@gmail.com

> Re:  Plea Agreement with Kwame Manu

Dear Ms. Cassell:

This letter sets forth the full and complete plea agreement (the "Agreement") between your client, Kwame Manu ("Manu"), and the United States Attorney for the District of New Jersey ("this Office"). The Government's offer to enter into this plea agreement will expire on **May 28, 2019** if it is not accepted in writing by that date.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Manu to a one-count Information, which charges him with conspiracy to unlawfully transport and cause to be transported in interstate and foreign commerce one or more motor vehicles, knowing the same to have been stolen, contrary to Title 18, United States Code, Section 2312, in violation of Title 18, United States Code, Section 371. If Manu enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all the terms of the Agreement, this Office will not initiate any further criminal charges against Manu for receiving, transporting, and selling motor vehicles in interstate commerce, knowing the same to have been stolen, from in or around February 2018 through in or around March 2019. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of

this guilty plea does not remain in full force and effect, Manu agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this Agreement is signed by Manu may be commenced against him, notwithstanding the expiration of the limitations period after Manu signs the Agreement.

Sentencing

The violation of 18 U.S.C. § 371 to which Manu agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000; or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Manu is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Manu ultimately will receive.

Further, in addition to imposing any other penalty on Manu, the sentencing judge: (1) will order Manu to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Manu to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*; and (3) may require Manu to serve a term of supervised release of up to 3 years, pursuant to 18 U.S.C. § 3583, which will begin at the expiration of any term of imprisonment imposed. Should Manu be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Manu may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this Agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Manu by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this Agreement; and (2) the full nature and extent of Manu's activities and relevant conduct with respect to this case.

Stipulations

This Office and Manu agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this Agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this Agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Manu from any other portion of this Agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Manu waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but

3

not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 982(a)(5), Manu agrees to forfeit to the United States all of his right, title, and interest in all property, real or personal, that represents or is traceable to the gross proceeds Manu obtained, directly or indirectly, as a result of the offense to which he is pleading guilty.

Manu waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Manu understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Manu waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of Manu's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Manu further agrees that, no later than the date on which he enters his plea of guilty, he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Manu fails to provide a complete and accurate Financial Disclosure Statement by the date on which he enters his plea of guilty, or if this Office determines that Manu has intentionally failed to disclose assets on his Financial Disclosure Statement, Manu agrees that that failure constitutes a material breach of this Agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this Agreement or seek other relief.

Immigration Consequences

Manu understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Manu understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Manu wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Manu understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Manu waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This Agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this Agreement to the attention of other prosecuting offices, if requested to do so.

This Agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Manu. This Agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against Manu.

No provision of this Agreement shall preclude Manu from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Manu received constitutionally ineffective assistance of counsel.

No Other Promises

This Agreement constitutes the plea agreement between Manu and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: SARAH A. SULKOWSKI
Assistant U.S. Attorney

APPROVED:

DARA AQUILA GOVAN
Chief, Public Protection Unit

6

I have received this letter from my attorney, Susan Cassell, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____            Date: 5/20/19
KWAME MANU


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____            Date: 5/20/19
SUSAN CASSELL, ESQ.
Counsel for Defendant

<u>Plea Agreement With Kwame Manu</u>
<u>Schedule A</u>

1. The United States Attorney's Office for the District of New Jersey ("this Office") and Kwame Manu ("Manu") recognize that the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G.") are not binding upon the Court. This Office and Manu nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Manu within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Manu further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2018, applies in this case.

3. The applicable guideline is U.S.S.G. § 2X1.1(a). Pursuant to the guideline, the Base Offense Level for conspiracy is determined from the guideline for the substantive offense (here, U.S.S.G. § 2B1.1), plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty. Pursuant to U.S.S.G. § 2B1.1, the substantive offense carries a Base Offense Level of 6, because the offense is punishable by a statutory maximum of 5 years' imprisonment. U.S.S.G. § 2B1.1(a)(2).

4. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(G) applies because the loss amount is more than $250,000 but not more than $550,000, resulting in a 12-level increase.

5. Specific Offense Level U.S.S.G. § 2B1.1(b)(10)(B) applies because a substantial part of the offense was committed from outside the United States, resulting in a 2–level increase.

6. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(15)(A) applies because the offense involved an organized scheme to steal or to receive stolen vehicles or vehicle parts, resulting in a 2-level increase.

7. Accordingly, the total offense level is 22.

**Additional Factors**

8. As of the date of this letter, Manu has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if his acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

9. As of the date of this letter, Manu has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the Court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-level reduction in Manu's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Manu enters a plea pursuant to this Agreement, (b) this Office in its discretion determines that Manu's acceptance of responsibility has continued through the date of sentencing and Manu therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Manu's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

10. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Manu is 19 (the "Agreed Total Guidelines Offense Level").

11. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the Agreed Total Guidelines Offense Level is reasonable.

12. Manu knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the Agreed Total Guidelines Offense Level of 19. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the Agreed Total Guidelines Offense Level of 19. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

13. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.